IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:15-CR-87-L(01)** |
| | § | |
| **FELIPE PINON** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the following motions by Defendant Felipe Pinon ("Defendant" or "Pinon"), which were filed June 15, 2015: Motion for Disclosure of All Evidence Favorable to the Defendant Under *Brady v. Maryland* and *Kyles v. Whitley* ("Motion for Disclosure") (Doc. 27); Motion in Limine Concerning Alleged Acts of Misconduct or Extraneous Offenses and Request for Notice (Doc. 28); and Defendant's Motion to Sever (Doc. 29). After considering the motions, the Government's response to the motions, and applicable law, the court **grants** the Motion in Limine Concerning Alleged Acts of Misconduct or Extraneous Offenses and Request for Notice (Doc. 28); and **denies** Defendant's Motion to Sever (Doc. 29). Further, the court **denies as moot** the Motion for Disclosure (Doc. 27) to the extent that the Government has agreed to the production of materials sought by Defendant. Insofar as the Government has not agreed to the production of the eighth category of materials sought by Defendant, the Motion for Disclosure is **denied**, except to the extent disclosure is required by Rule 16 of the Federal Rules of Criminal Procedure, *Brady*, or related case authority.

**I.      Motion for Disclosure of Evidence**

Defendant requests the disclosure of eleven categories of evidence. The Government only objects to the disclosure of the eighth category of evidence requested by Defendant, which includes:

> 8. Any and all personnel files for the witness, the existence and identity of all State and local government files for the witness, and the existence and identity of all official internal affairs, internal investigations, or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

Pl.'s Mot. for Disclosure 2. With respect to this category, the Government responds as follows:

> The government is well aware of its obligations under *Brady* and *Giglio* and takes these obligations very seriously. However, this request (number eight) is extremely broad and would be very cumbersome to comply with by the government. The defendant's request is limitless in regards to its scope. The government inquires with each witness whether or not there are any personnel records that would fall under the government's duty of disclosure under *Brady* and *Giglio*. If such records do exist, the government's policy is to make counsel aware of these records and to provide them to the court for an in camera inspection to determine which, if any, records should be disclosed to the defense. This policy protects the privacy of the witness, as well as the defendant's constitutional right to a fair trial. The government respectfully requests the Court to deny the defendant's request number eight as being overly broad or modify it to permit the government to proceed as it has outlined above.

Government's Resp. 2.

It is unclear from Defendant's Motion for Disclosure or the Government's response whether Defendant's eighth category encompasses files and information for one witness or a large number of witnesses. Regardless, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978). There is no obligation under *Brady* to produce evidence before trial; rather, the Government is only required to turn over exculpatory and impeachment evidence to the defense "in time to put it to effective use at trial." *United States v. McKinney*, 758 F.2d 1036, 1049-50 (5th Cir. 1985). While the government has a duty to learn of favorable evidence known to others acting on its behalf, including the police, *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), it is not required under the *Brady* rule to search the files of a local government or state police office for exculpatory or impeachment evidence. *United States*

*v. Escobar*, 674 F.2d 469, 478 (5th Cir. 1982). Moreover, *Brady*, *Giglio*, and their progeny do not require the government to produce *all* witness related government records requested in the off chance that there *might* be something relevant to the defendant's case. *See United States v. Bagley*, 473 U.S. 667, 675 (1985) (concluding that the government "is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive defendant of a fair trial").

Here, Defendant's Motion for Disclosure is made pursuant to *Brady* and *Kyle*s, but his eighth category of requested materials is not limited to exculpatory or impeachment evidence known by those acting on the Government's behalf. The eighth category instead extends to any and all files and information pertaining to witnesses and would require the Government to actively search for files and information regardless of whether such information is known by the persons acting on the Government's behalf. The court therefore concludes that the request exceeds what is required of the Government under *Brady*, *Kyle*s and related case authority.

Moreover, the Government here has indicated that it is aware of its continuing duty to disclose required evidence. The court, therefore, concludes that Pinon's rights are protected as long as the Government complies with *Brady* and its progeny and discloses evidence as soon as it becomes aware that it may be exculpatory or impeaching. Accordingly, to the extent that the Government has agreed to the production of materials sought by Pinon, the court **denies as moot** the Motion for Disclosure (Doc. 27). Insofar as the Government has not agreed to the production of the eighth category of materials, the Motion for Disclosure is **denied**, except to the extent disclosure is required by Rule 16 of the Federal Rules of Criminal Procedure, *Brady*, or related case authority. The court expects the Government to comply with its obligations regarding disclosure, and the

Government is fully aware of the sanctions that the court could impose for failure to comply with those obligations.

## II.     Motion in Limine

Defendant requests that the court limit the scope of or exclude evidence of extrinsic conduct. Defendant also requests that the court order:

> the Government and all witnesses to refrain from mentioning or alluding to such evidence in any way at any stage of the trial unless and until the court has ruled it to be admissible after a hearing outside the presence of the jury, and to require the Government to give ample notice of its intent to offer any extrinsic conduct evidence.

Def.'s Mot. in Limine 4.  The Motion in Limine is unopposed.  The court therefore **grants** the Motion in Limine Concerning Alleged Acts of Misconduct or Extraneous Offenses and Request for Notice (Doc. 28). *Accordingly, if the Government wishes to introduce evidence of extrinsic conduct by Defendant at trial, it must do so in a manner that will allow for argument by the parties and a ruling by the court on the matter outside the presence of the jury beforehand. Further, the Government and its witnesses shall refrain from mentioning or alluding to evidence of extrinsic conduct by Defendant until after the court rules on the matter.*

## III.    Motion to Sever

Defendant moves pursuant to Rule 14 of the Federal Rules of Criminal Procedure that he is entitled to a separate trial from Codefendant Monica Metcalf ("Metcalf") because a joint trial with Metcalf will: (1) prejudice his right to a fair trial by hampering his fundamental right to remain silent if Metcalf testifies; and (2) prejudice his right to a fair trial by infringing on his right to confront Metcalf if any confession by her is offered at trial.

The Government responds that the grounds relied on by Defendant do not warrant the requested severance.  The Government asserts that the case relied on by Defendant, *DeLuna v.*

*United States*, 308 F.2d 140 (5th Cir. 1962), only applies when; (1) a defendant testifies and is compelled to comment on a codefendant's failure to testify and remain silent; and (2) the defenses of codefendants are antagonistic. The Government contends that severance based on *DeLuna* is not appropriate because Defendant has not shown that his and Metcalf's defenses are antagonistic, and it is unknown at this time whether Defendant or Metcalf will testify at trial.

Regarding Defendant's second ground for severance, the Government contends that the *Bruton* doctrine, set forth in *United States v. Bruton*, 391 U.S. 123 (1968), prohibits the admission of statements by a nontestifying codefendant that can incriminate the defendant, but the doctrine only applies to statements that are incriminating on their face and directly implicate the defendant. The Government contends that, when the reference to a defendant is indirect and requires other evidence for the jury to complete the incriminating inference, *Bruton* does not apply. The Government contends that *Bruton* does not apply in this case because Defendant has not cited or referred the court to any prior statement by Metcalf that would implicate the *Bruton* doctrine if such evidence was offered at trial.

Joinder of defendants is proper when they are alleged to have participated in the same act or transaction or in the same series of acts or transactions. Fed. R. Crim. P. 8(b). A court may order separate trials of defendants if their joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). When considering whether severance is appropriate, a district court should balance any prejudice to the defendant against the interests of judicial economy. *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994). Judicial economy generally calls for trying coconspirators together, and "the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998) (quotations omitted). "That separate trials might

**Memorandum Opinion and Order – Page 5**

have afforded the defendant a better chance of acquittal does not justify a severance." *Id.* (citation and internal quotation marks omitted).

For the reasons set forth in the Government's response to the Motion to Sever, the court does not believe that Pinon has met his burden of establishing that he will be unfairly prejudiced. The court also concludes that, if necessary, a limiting instruction to the jury to consider each Defendants' alleged guilt separately without imputing the guilt of one Defendant to another will be sufficient to cure any risk of prejudice to Pinon. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (concluding that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"). Further, judicial economy will be served if Pinon and Metcalf are tried jointly because their alleged conduct is connected by a common set of facts. The court therefore **denies** the Motion to Sever (Doc. 29).

If, however, the Government intends to use as evidence any statement by Metcalf at trial, it **shall** notify the court in writing of such intent and deliver to the court for in camera inspection such statement before commencement of the trial, so the court has an opportunity to reconsider, as necessary, its ruling on Defendant's Motion to Sever. Since the Government investigated its case and decided when and whom to indict, it certainly should be aware of whether Metcalf made a statement that incriminates Pinon. *Thus, if facts of which the Government was or should have been aware come to light during the trial of this case that warrant severance, the court will consider this a waste of scarce judicial resources and impose appropriate sanctions*.

IV.   **Conclusion**

For the reasons stated, the court **grants** the Motion in Limine Concerning Alleged Acts of Misconduct or Extraneous Offenses and Request for Notice (Doc. 28); and **denies** Defendant's

**Memorandum Opinion and Order – Page 6**

Motion to Sever (Doc. 29).  Further, the court **denies as moot** the Motion for Disclosure (Doc. 27) to the extent that the Government has agreed to the production of materials sought by Defendant. Insofar as the Government has not agreed to the production of the eighth category of materials sought by Defendant, the Motion for Disclosure is **denied**, except to the extent disclosure is required by Rule 16 of the Federal Rules of Criminal Procedure, *Brady*, or related case authority.

**It is so ordered** this 7th day of July, 2015.

Sam A. Lindsay
United States District Judge